The Second Municipality of New Orleans v. James H. Caldwell and another.

Sect. 4 of the act of 14th March, 1816, which provides that " neither the Mayor, Recorder, nor any Alderman then in office, shall be allowed, in his own name, or through the medium of others, to become a lessee or bidder for any branch of the revenues of the city, nor for any work or undertaking whatever which may be authorized or ordered by the corporation of the city of New Orleans," cannot be considered as prohibiting such persons from leasing any lot of ground or other property, not forming an entire branch of the revenue of the city.

Appeal from a judgment of the Commercial Court, *Watts*, J.
*Rawle*, for the plaintiffs.
*Carter*, for the appellant.
Simon, J.   James H. Caldwell is appellant from a judgment

which condemns him and his co-defendant to pay the amount of several promissory notes. Their answer avers that the notes sued on were given for the lease of certain lots adjudicated to them; that the adjudication is a nullity; and that they have acquired no title by the adjudication to the leased property.

The record contains the following admissions: 1st. That the notes sued upon were given for the lease of certain lots in the city of New Orleans, leased by the defendants from the plaintiffs. 2d. That at the time of the lease, the defendants were Aldermen of the Second Municipality. 3d. That the property was leased for a term of years, not yet expired.

Under the above admissions, it is contended that the contract of lease, in consideration of which the notes sued on were given, is absolutely void, as the defendants, who were Aldermen at the time the notes were executed, were incapacitated by law from entering into such contract with the plaintiffs; and in support of this position, we are referred to the fourth section of a law of the 14th of March, 1816, (Bullard & Curry's Dig. p. 102, § 35,) which says, that " in future, the Mayor, Recorder, nor any of the Aldermen then in office, shall be allowed, either in his own name, or through the medium of other persons, to become *the lessee or bidder for any branch of the revenues of the city,* nor for any work or undertaking whatever, which may be authorized, or ordered by the corporation of said city." The French text of the law is : "*ne pourra se rendre fermier, ou adjudicataire de la perception d'aucune branche des revenus de la ville.*"

We think the law relied on by the defendants does not cover the present case. It is true it incapacitates the Mayor, Recorder and Aldermen from becoming the lessees or bidders for any branch of the revenues of the city, but it seems to us that its terms cannot be so construed or extended, as to prohibit them from leasing any lot of ground or other property of the city. Although revenue may be derived from the leasing of such property, surely, it cannot be said that they become lessees of a whole branch of the revenue. We understand the expressions used in the law, which in the French text are very clear, to mean that a branch of the revenue, that is to say, the collection of any species of revenue, which, with the other branches, is to form the whole annual in-

come of the city, shall not be leased to the persons therein named. In the one case, it is the revenue itself which becomes the object of the contract of lease, whilst in this case, it is limited to certain property which produces revenue, but which is only a portion of a particular branch thereof. For example : it is well known that every year all the stalls of the market house are offered at auction in a lump, and are adjudicated to the highest bidder. This bidder becomes the lessee of a branch of the revenues of the city, to wit, the revenue derived from the market house. This lessee pays a certain amount of rent to the corporation, with a view to speculate upon this branch of the revenue, by selling or leasing at a certain profit, the use of every stall separately to the butchers and other retailers of provisions. The law relied on may have been passed for the purpose of preventing the Mayor, Recorder and Aldermen from speculating on the public revenue of the city, or from monopolizing any branch thereof, to the injury of the citizen ; but, in our opinion, it never was intended to forbid them from taking the lease of a lot of ground, or of any other specific property of the city.

*Judgment affirmed.*